UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Albert Cecil Howard,<br><br>         Petitioner,<br><br>    vs.<br><br>Steven W. Ornoski, As Acting Warden of San Quentin State Prison,*<br><br>         Respondent. | Case No. CV F-93-5726-REC<br><br><u>DEATH</u> <u>PENALTY</u> <u>CASE</u><br><br>ORDER DIRECTING THE WARDEN TO FILE POINTS AND AUTHORITIES RESPONSIVE TO PETITIONER'S MOTION TO FILE AMENDED PETITION *NUNC PRO TUNC* |

Petitioner Albert Cecil Howard ("Howard") commenced this action on October 25, 1993 with a request for appointment of federal counsel and a stay of execution of his death sentence. Almost three and one-half years later, on March 14, 1997, Howard filed his original federal petition. On April 23, 1997, Howard filed a state exhaustion petition alleging all known federal claims that had not been included in the original federal petition. The Court then ordered abeyance of the federal proceedings pending resolution of the state exhaustion petition on May 30, 1997.

On June 15, 1999, the Court granted Howard's request to permit him to file his amended federal petition (encompassing both the claims in the original federal petition and the federal claims in the state

---

* Steven W. Ornoski is substituted for his predecessor, Jeanne S. Woodford as Warden of San Quentin State Prison under Federal Rule of Civil Procedure 25(d).

exhaustion petition) within 30 days after his federal counsel received notice of the order denying his state exhaustion petition by the California Supreme Court. At the time the June 1999 order was issued, the Ninth Circuit had held that AEDPA was not applicable to cases like Howard's, that had been commenced prior to April 24, 1996, the date AEDPA became effective. That precedent has since been abrogated by the United States Supreme Court decision in *Woodford v. Garceau*, 538 U.S. 202 (2003). In *Garceau*, the Court held that it is the filing of "an application for habeas relief seeking an adjudication on the merits of petitioner's claims" that determines the applicability of AEDPA, not merely the commencement of a federal habeas action. *Id*. at 207. Since Howard's original "application for habeas relief seeking an adjudication on the merits" of his claims was filed on March 14, 1997, AEDPA applies to the evaluation of his petition. *Id*.

Citing additional changes in controlling Supreme Court precedent regarding abeyance and exhaustion, Howard now moves the Court for an order permitting him to file his proposed amended petition, *nunc pro tunc*, as of April 23, 1997, the date on which he filed his state exhaustion petition. Specifically, Howard is relying on the Supreme Court's decision in *Rhines v. Weber*, 544 U.S. ___ 125 S. Ct. 1528 (2005), for the proposition that a district court has discretion to hold in abeyance a petition that contains both exhausted and unexhausted claims during the pendency of state exhaustion proceedings. Howard's proposed amended petition arguably is such a mixed petition, since a portion of the claims therein alleged also are before the California Supreme Court on Howard's state exhaustion petition.

A hearing is set for December 12, 2005 at 1:30 p.m. on Howard's present motion. Pursuant to Rule 78-230(c) of the Local Rules of the Eastern District of California, a memorandum of points and authorities in opposition to the motion by Respondent Steven W. Ornoski, as Acting Warden of San Quentin State Prison (the "Warden") is due no later than 14 days prior to the date of the scheduled hearing, that is November 28, 2005.

Although Howard does not raise the issue in his moving papers, the law regarding filing amended petitions also has changed since this Court issued its June 1999 order. Notably, *Pace v. DiGuglielmo*, 544 U.S. ___, 125 S. Ct. 1807 (2005), has altered the jurisprudence concerning statutory tolling under 28 U.S.C. § 2244(d)(2), and *Mayle v. Felix*, 544 U.S. ___, 125 S. Ct. 2562 (2005) has limited the application of the relation-back doctrine under Federal Rule of Civil Procedure 15(c).

In light of the possibility that the California Supreme Court may well deny some or all of Howard's state habeas claims as untimely as well as on the merits, the Court is interested in knowing the Warden's views as to the applicability of *Pace* to Howard's proposed amended petition. In addition, the Court would like to know whether the Warden views the limitations announced in *Felix* to be applicable because the Warden contends that the new claims in Howard's proposed amended petition do not arise out of a common core of operative facts alleged in the original federal petition. Finally, the Court directs the Warden to address the issue of equitable tolling. Specifically, if the Court declines to permit *nunc pro tunc* filing of Howard's proposed amended petition as of April 23, 1997, and both *Pace* and *Felix* apply, the Court would like the Warden's view on the

availability of equitable tolling under *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283 (9th Cir. 1997) on the grounds that "extraordinary circumstances" beyond Howard's control made it impossible for him to file his amended petition within the statutory period.

The Warden's points and authorities should be electronically filed no later than November 28, 2005.  Local Rule 78-230(c). Howard's reply points and authorities, if any, shall be electronically filed no later than December 5, 2005.  Local Rule 78-230(d).

IT IS SO ORDERED.

Dated: November 14, 2005

/s/ Robert E. Coyle
Robert E. Coyle
United States District Judge